UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TOMAS VIVEROS COLORADO,

    Petitioner,

        v.                                                                  CAUSE NO. 3:26-CV-447-CCB-SJF

WARDEN,

    Respondent.

ORDER

The court received a notice that Tomas Viveros Colorado, an immigration detainee representing himself, had been deported to Mexico on May 6, 2026. ECF 20. He filed this habeas corpus petition under 28 U.S.C. § 2241 in April 2026, alleging his detention by Immigration and Customs Enforcement (ICE) was unlawful. ECF 5. He was already subject to a years-old final order of removal that was not carried out, and after his current detention he moved in immigration court to reopen those removal proceedings and to stay removal. The outcome of those motions were not in the record, and so the court gave him the opportunity to file an amended petition, showing either that his final order had been reopened or that his post-final-order detention under 8 U.S.C. § 1231(a) had become unreasonable because removal was not reasonably foreseeable. ECF 10. This court lacks jurisdiction under 8 U.S.C. § 1252(g)[1] to interfere

---

[1] As relevant here, 8 U.S.C. § 1252(g) states, "Except as provided in this section and notwithstanding any other provision of law . . ., including section 2241 of title 28, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter."

with the execution of his removal order otherwise. *See Chowdhury v. Ashcroft*, 241 F.3d 848, 851 (7th Cir. 2001) (concluding habeas petitioner's request "to stay the execution of his deportation order, pending a Board decision on his motion to reopen" was a challenge to the execution of a removal order and foreclosed by § 1252(g)); *Sharif ex rel. Sharif v. Ashcroft*, 280 F.3d 786, 787–88 (7th Cir. 2002) (1252(g) strips district court of jurisdiction over request for stay of removal pending administrative reconsideration or a decision under new legislation because the request "arises from" the Attorney General's decision to execute a removal order). The amended petition did not establish that this court had jurisdiction over the petition. ECF 15.

Now that Viveros Colorado has been removed to Mexico, he is no longer in custody. A district court may entertain a petition for writ of habeas corpus when the petitioner "is in custody under or by color of the authority of the United States[.]" 28 U.S.C. § 2241(c)(1); *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Viveros Colorado met the "in custody" requirement when he filed the petition; however, it is evident from the record that he is no longer being detained, meaning there is no unlawful detention for this court to review.

"For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated." *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006)). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted). Here, the court can

no longer grant Viveros Colorado the relief he seeks in the petition. The court is without jurisdiction to interfere with the execution of his removal order and cannot order his release, because he has already been released.

In the criminal context, a habeas petition will not be mooted by the petitioner's release if he continues to suffer collateral consequences from the conviction. *Spencer*, 523 U.S. at 7. Courts have applied this concept in the immigration setting, but the collateral consequence must be something that can "be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007); *see also Kurtishi v. Cicchi*, 270 F. App'x 197, 199-200 (3d Cir. 2008). The court was without jurisdiction to grant his requested relief of interfering with the execution of his removal order. After his removal, Viveros Colorado raised the issue that he was denied the opportunity to raise a fear-based claim regarding his removal to Mexico. ECF 20. Because that was raised after he was no longer in custody, this claim is not a reason to keep this case alive. The court does not have authority to review any action that might occur in the immigration proceeding related to whether he was improperly removed from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Kurtishi*, 270 F. App'x at 200 (3d Cir. 2008) ("In view of [petitioner's] deportation, there are no remaining collateral consequences that may be redressed by success on [petitioner's] challenge under § 2241 to his 'continued restraint by DHS-ICE'"); *Dehghani v. Castro*, No. 2:25-CV-0052 MIS-DLM, 2025 WL 1937605, at *3 (D.N.M. July 15, 2025) (dismissing habeas petition as moot where petitioner was deported, because "Section 2241 . . . empowers courts to challenge ongoing detention and order release—not to undo a completed removal or erase its

3

statutory penalties"). No collateral consequences remain that may be addressed in a habeas petition.

In sum, this court's habeas jurisdiction is limited to deciding whether an individual is in custody in violation of federal law. Viveros Colorado is no longer in custody. The petition must be dismissed.

Accordingly, the court **DISMISSES** the amended petition (ECF 15) **WITHOUT PREJUDICE** as **MOOT** and **DIRECTS** the clerk to close this case.

SO ORDERED on June 16, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT